[Cite as *CitiMortgage, Inc. v. Uhl*, 2014-Ohio-2868.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

CITIMORTGAGE, INC.

    Appellee

    v.

JENNY A. UHL, et al.

    Appellant

C.A. No.    13CA0014

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    11 CV 0365

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

CARR, Judge.

{¶1}    Appellant Jenny Uhl appeals the judgment of the Wayne County Court of Common Pleas that granted summary judgment in favor of appellee CitiMortgage, Inc. This Court reverses and remands.

I.

{¶2}    On June 15, 2011, CitiMortgage filed a complaint in foreclosure against Craig and Jenny Uhl, husband and wife, with regard to property located at 117 West Schultz Street, in Dalton, Ohio. CitiMortgage claimed it was the holder of a note which was unavailable at that time, and that the note was secured by a mortgage which had been assigned to it. CitiMortgage conceded that Craig was immune from personal liability on the note by virtue of a bankruptcy. Pursuant to information submitted by Jenny, and thereafter acknowledged by CitiMortgage, Craig had died in 2008. CitiMortgage did not amend its complaint to add Craig's estate as a party. Attached to CitiMortgage's complaint was a document purporting to assign the mortgage

from Mortgage Electronic Registration Systems, Inc., as nominee for 1st Mariner Bank, to CitiMortgage on May 4, 2011. The purported assignment bears no indicia of having been recorded.

{¶3} The parties stipulated that Jenny had leave to plead until November 1, 2011. On that day, Jenny filed a motion to dismiss pursuant to Civ.R. 12(B)(6), alleging that CitiMortgage lacked standing to file the complaint. CitiMortgage opposed the motion to dismiss and further filed a copy of the purported note, executed solely by Craig. The trial court summarily denied Jenny's motion to dismiss without analysis. Thereafter, Jenny filed an answer to the complaint, raising CitiMortgage's lack of standing as one of her affirmative defenses. On January 13, 2012, CitiMortgage filed a notice of filing of assignment of mortgage, executed December 8, 2011, and bearing indicia of having been filed with the Wayne County Recorder for record on December 22, 2011.

{¶4} The case lay dormant until May 2, 2012, when the trial court apparently ordered CitiMortgage to take some action or face dismissal of the complaint for failure to prosecute.[1] CitiMortgage filed a motion for summary judgment on May 29, 2012. Jenny moved again to dismiss the action and also responded in opposition to the motion for summary judgment. CitiMortgage later filed a reply in support of its motion for summary judgment. On February 21, 2013, the trial court issued an in rem judgment and decree in foreclosure after granting CitiMortgage's motion for summary judgment and denying Jenny's motion to dismiss. Jenny filed a notice of appeal on April 2, 2013.

---

[1] While the order is not present in the record, both parties filed replies to the trial court's May 2, 2012 order. CitiMortgage explained its delay in filing a motion for summary judgment and requested leave to file such a motion within 60 days. Jenny replied and requested that the court dismiss the complaint for want of prosecution.

{¶5} As an initial matter, this Court concludes that Jenny's appeal is timely because there is no indication in the record that the clerk of court served the parties with notice of the judgment or entered its date of entry on the docket; accordingly, the time for appeal was tolled. *See Malmon-Berg v. Malmon-Berg*, 9th Dist. Wayne No. 13CA0005, 2014-Ohio-1784, ¶ 10-12. Jenny raises one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT AWARDED SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE WHEN THERE IS NO EVIDENCE IN THE RECORD THAT THE PLAINTIFF-APPELLEE IS OR WAS THE HOLDER OF EITHER THE NOTE OR MORTGAGE.

{¶6} Jenny argues that the trial court erred by granting summary judgment in favor of CitiMortgage. Instead, she argues that the trial court should have granted her motion to dismiss the foreclosure complaint because CitiMortgage lacked standing to initiate the action. This Court agrees.

{¶7} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶10} The non-moving party's reciprocal burden does not arise until after the moving party has met its initial evidentiary burden. To do so, the moving party must set forth evidence of the limited types enumerated in Civ.R. 56(C), specifically, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C) further provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶11} Standing to sue requires that a party have a sufficient personal stake in the outcome of the case. *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51 (1987). The Ohio Supreme Court addressed the issue of standing within the context of foreclosure actions in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. While recognizing that standing is necessary to invoke the jurisdiction of the trial court, the *Schwartzwald* court held that a lack of standing to sue cannot be cured after commencement of the action, but rather must exist at the time the complaint is filed. *Id.* at ¶ 38-39. Where a plaintiff in a foreclosure action

lacks standing to sue at the time of the filing of the complaint, the proper remedy is dismissal of the complaint. *Id.* at ¶ 42. This Court has recognized that the plaintiff in a foreclosure action must "be holder of the [n]ote *and* the [m]ortgage at the time it initiated [the] action [in] order to have standing." (Emphasis in original) *BAC Home Loan Serv., LP v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 13.

{¶12} In this case, CitiMortgage argued in its motion for summary judgment that it became the holder of the mortgage by virtue of an assignment from Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for 1st Mariner Bank, which was recorded on December 22, 2011. It did not refer to the purported assignment attached to its complaint. CitiMortgage filed the affidavit of Stephanie Green contemporaneously with its motion for summary judgment. Ms. Green averred that she was familiar with the documents relevant to this matter. The record further contains an assignment of a mortgage regarding the subject property from MERS, as nominee for 1st Mariner Bank, to CitiMortgage, which was executed on December 8, 2011, and recorded on December 22, 2011. CitiMortgage relied in its motion for summary judgment solely on that assignment to establish that it was the holder of the mortgage. CitiMortgage filed its complaint, however, on June 15, 2011, months in advance of having been assigned the mortgage. Accordingly, CitiMortgage failed to provide any evidence pursuant to Civ.R. 56(C) to demonstrate that it had standing to initiate this foreclosure action. Because CitiMortgage failed to invoke the jurisdiction of the common pleas court, the trial court erred by granting summary judgment in CitiMortgage's favor and by denying Jenny's motion to dismiss for lack of standing. Jenny's assignment of error is sustained.

## III.

{¶13}  Jenny's sole assignment of error is sustained.  The judgment of the Wayne County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES R. DOUGLASS, Attorney at Law, for Appellant.

THOMAS L. HENDERSON, Attorney at Law, for Appellee.