[Cite as *U.S. Bank, N.A. v. Poff*, 2016-Ohio-2874.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
| --- | --- |
| U.S. BANK, N.A. | C.A. No. 14AP0023 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHANNON L. POFF, et al. | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 13-CV-0369 |

DECISION AND JOURNAL ENTRY

Dated: May 9, 2016

---

WHITMORE, Judge.

{¶1} This is an appeal from a foreclosure action. Appellant Shannon L. Poff appeals from the Wayne County Court of Common Pleas' award of summary judgment in favor of Appellee U.S. Bank, N.A. ("U.S. Bank"). We reverse.

{¶2} U.S. Bank filed a two-count complaint on July 2, 2013. The complaint was (1) for judgment on a promissory note executed in the principal sum of $133,653.97, and (2) to foreclose on a mortgage deed issued as security for the promissory note.

{¶3} U.S. Bank filed a motion for summary judgment against Ms. Poff. The trial court granted summary judgment in favor of U.S. Bank on both counts of the complaint without the benefit of a response from Ms. Poff, who failed to timely respond to the bank's motion.

{¶4} Pursuant to the grant of summary judgment, the court granted U.S. Bank a judgment on the promissory note in the amount of $124,889.67 plus interest, and unspecified late

charges. The court also ordered foreclosure on the mortgage deed. The mortgaged property was sold at a sheriff's sale. The sale was confirmed, and the proceeds of the sale were distributed.

{¶5}   Ms. Poff now appeals the trial court's award of summary judgment to U.S. Bank. She raises two assignments of error for our review. We consider only the second assignment of error because it is dispositive.

## II

### Assignment of Error Number Two

DESPITE THE LACK OF RESPONSE FROM SHANNON POFF, THE TRIAL COURT CLEARLY ERRED IN GRANTING SUMMARY JUDGMENT TO [U.S. BANK] ON ANY CLAIM.

{¶6}   Ms. Poff contends that the trial court improperly awarded summary judgment to U.S. Bank notwithstanding her lack of response to the summary judgment motion. She argues, inter alia, that summary judgment was improper because the bank failed to show that it had standing to seek judgment on the promissory note and mortgage "at the commencement of the foreclosure action." We agree.

{¶7}   Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate under Civ.R. 56 when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). The party seeking summary judgment initially bears the burden of pointing to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is satisfied, the non-moving party

has the burden to offer specific facts showing a genuine issue for trial. *Id.* at 293. An appellate court reviewing a grant of summary judgment "'review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion.'" (Alteration sic.) *Dunigan v. State Farm Mut. Auto Ins. Co.*, 9th Dist. Lorain No. 03CA008283, 2003-Ohio-6454, ¶ 9, quoting *Am. Energy Servs., Inc. v. Lekan*, 75 Ohio App.3d 205, 208 (5th Dist.1992).

{¶8} To obtain summary judgment in a foreclosure action, a bank must provide evidence compliant with Civ.R. 56(C) to show that it had standing to commence the suit. *See CitiMortgage, Inc. v. Uhl*, 9th Dist. Wayne No. 13CA0014, 2014-Ohio-2868, ¶ 12. The Supreme Court of Ohio addressed the issue of standing within the context of foreclosure actions in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. The Supreme Court explained that standing is a jurisdictional requirement that must exist at the time a suit is filed in order to invoke the jurisdiction of the trial court. *Id.* at ¶ 22-24. Thus, a plaintiff bank moving for summary judgment in a foreclosure action must demonstrate standing by pointing to evidence in the record that the bank had an interest in the note and the mortgage at the time it filed suit. *See Schwartzwald* at ¶ 28; *Uhl* at ¶ 12.

{¶9} In its complaint, U.S. Bank states that Ms. Poff and her ex-husband "executed and delivered [the promissory note] to Conseco Finance Servicing Corp. [("Conseco")]."[1] The bank further claims that the promissory note and the mortgage securing the note "were assigned to U.S. Bank by Green Tree Servicing LLC [("Green Tree")] fka Conseco." According to U.S.

---

[1] We do not address any portion of the judgment against Ms. Poff's ex-husband, who is not a party to this appeal.

Bank, the bank therefore "was clearly the holder of the [n]ote and [m]ortgage at the time of the foreclosure filing and maintained the necessary standing to bring initiate [sic] the suit."

{¶10} Ms. Poff does not challenge that an assignment was made to U.S. Bank, but instead argues that the bank has failed to point to any evidence under Civ.R. 56(C) to substantiate its claim that it was the holder of the note and mortgage at the time the complaint was filed. Civ.R. 56(C) sets forth an inclusive list of materials that a court may consider when determining a motion for summary judgment. That evidence may include "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence [in the pending case], and written stipulations of fact * * *." Civ.R. 56(C). Civ.R. 56(C) provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶11} The bank does not point to any evidence that falls under Rule 56(C) to show that it had been assigned the note and mortgage at the time the foreclosure complaint was filed. The complaint does not specify when the assignment took place. Moreover, although U.S. Bank provided an affidavit of the foreclosure specialist of Green Tree, the loan servicer for U.S. Bank, as permitted by Civ.R. 56(C) and (E), the affiant did not specify when the note and mortgage were assigned to the bank. The affiant attested that Ms. Poff executed and delivered the promissory note to Conseco Finance Servicing Corp., and that the note was "further assigned to U.S. Bank." He further testified that U.S. Bank was the "assignee" and "holder" of the mortgage securing the promissory note. However, he did not indicate when the assignment took place. Thus, the affidavit demonstrates only that U.S. Bank was assigned the note at some unspecified time. The affidavit does not establish that the assignment had taken place when the complaint was filed.

{¶12} Moreover, the affidavit does not attach or incorporate any evidence of an assignment to U.S. Bank at the time the foreclosure complaint was filed. The affidavit attaches the promissory note and mortgage as Exhibits A and B, respectively. The promissory note is executed between Conseco and Ms. Poff and her ex-husband. There is no evidence on the face of the promissory note that it was assigned to U.S. Bank. The mortgage likewise does not show an assignment to U.S. Bank. The last page of Exhibit B is an unsigned form entitled "Mortgage/Deed of Trust Assignment to Trustee." Although Conseco apparently is the proposed assignor, the name of the assignee is blank. Therefore, the mortgage deed does not show an assignment of the mortgage to U.S. Bank at the time the foreclosure suit was commenced.

{¶13} U.S. Bank does not advance any specific argument to contest that the affidavit and attachments fail to demonstrate whether the bank had an interest in the note and mortgage at the time the complaint was filed. The bank instead argues that "the [a]ssignment of the [n]ote and [m]ortgage to U.S. Bank * * * was attached to and referenced in [the bank's] [p]reliminary [j]udicial [r]eport that was filed with the [trial] [c]ourt, and thus, was in fact part of the record []." Indeed, U.S. Bank filed a preliminary judicial report, and a final judicial report, both of which incorporate an "Assignment of Mortgage." The assignment indicates that "Green Tree Servicing LLC", as assignor, did "grant, sell, assign, transfer and convey, unto U.S. Bank * * * all beneficial interest under [the mortgage], together with the note(s) and obligations therein described, the money due and to become due thereon with interest * * *." The assignment is dated prior to the filing of the complaint. A representative of "Green Tree Servicing LLC f/k/a Conseco Finance Servicing Corp." signed the assignment. The bank argues that this assignment "clearly establishes [U.S. Bank's] standing as the holder of the note and mortgage [at the time the suit was initiated] and its ability to commence the foreclosure action to protect its interest."

{¶14} Although the assignment attached to the judicial reports appears to show that U.S. Bank was assigned the note and mortgage prior to filing the foreclosure complaint, it is not evidence to be considered on summary judgment under Civ.R.56(C). It is not a "pleading[], deposition[], answer[] to interrogatories, written admission[], affidavit[], transcript[] of evidence, [or] written stipulation[] of fact" authorized under Civ.R. 56(C). Nor was it attached to an affidavit under Civ.R. 56(E). *See Skidmore & Assoc. Co.*, *L.P.A. v. Southerland*, 89 Ohio App.3d 177, 179 (9th Dist.1993) ("[t]he proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)"). U.S. Bank does not offer any legal authority or explanation as to how the trial court, and this Court, may properly rely on evidence that is not of the type permitted by Civ.R. 56 to support a grant of summary judgment. When an appellant fails to develop an argument that is the basis of the appeal, we will not construct appellant's claims. *See Glenmoore Builders, Inc. v. Smith Family Trust*, 9th Dist. Summit No. 24299, 2009-Ohio-3174, ¶ 30. Accordingly, under these particular circumstances, there is no basis to rely on the attachment to the judicial reports as summary judgment evidence that U.S. Bank had standing to commence the foreclosure action.

{¶15} We have held that a court has discretion to consider improperly-brought evidence in a summary judgment context when the opposing party does not object. *Dunigan*, 2003-Ohio-6454 at ¶ 16. However, this caveat to the requirements of Civ.R. 56 is not applicable here. U.S. Bank did not rely on any part of the attachment to the judicial reports in its summary judgment motion before the trial court. Moreover, the trial court's judgment entry does not indicate the court relied on the attachment. Consequently, Ms. Poff did not have any reason to object to the use of the attachment in the trial court. Accordingly, she has not waived her right to object to

evidence that U.S. Bank relies upon for the first time on appeal. In this appeal, Ms. Poff has objected to this Court's consideration of the judicial reports and attached assignment. Because on a review of a grant of summary judgment we may only consider the evidence that was properly before the trial court, we will not consider the judicial reports and assignment. *See Dunigan* at ¶ 19.

{¶16} We find that U.S. Bank did not provide any evidence in accordance with Civ.R. 56 to show that it possessed an interest in the note and mortgage at the time the suit was filed, and thus had standing to bring the foreclosure suit. Absent such evidence, U.S. Bank has not met its burden to identify "portions of the record that demonstrate the absence of a genuine issue of material fact." *Dresher*, 75 Ohio St. at 293. On this basis, we sustain Ms. Poff's second assignment of error and find that U.S. Bank was not entitled to summary judgment. In so doing, we make no finding regarding whether an appeal from the foreclosure is moot under *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, an issue that we requested the parties to brief following oral argument. Because there is an unsatisfied deficiency judgment in this case, the mootness doctrine is not determinative of all of the issues, and we need not address it. Moreover, it is not necessary to reach the mootness issue in this appeal because we have determined that the bank is not entitled to summary judgment on the ground that it did not provide evidence under Civ.R. 56 to demonstrate standing.

III

{¶17} The judgment of the Wayne County Court of Common Pleas is reversed. This matter is remanded for further action consistent with this opinion.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

DAVID J. DEMARS, Attorney at Law, for Appellee.