[Cite as *Berkshire Bank v. Macedonia Hospitality, L.L.C.*, 2024-Ohio-2485.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| BERKSHIRE BANK | C.A. No.   30613 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MACEDONIA HOSPITALITY, LLC, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No.   CV 2021-07-2067 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2024

FLAGG LANZINGER, Judge

{¶1}   Macedonia Hospitality, LLC, ("Macedonia") Dinaz Pooniwala ("Pooniwala"), Burnsville Hospitality LLC ("Burnsville"), and Perdin L.L.C. ("Perdin") (collectively "Appellants") appeal the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Berkshire Bank ("Berkshire") on its foreclosure action. This Court affirms.

I.

{¶2}   On December 11, 2017, in exchange for a loan ("Loan") of $2,000,000, Macedonia executed a promissory note ("Note") to Berkshire. The loan was secured by the Small Business Administration ("SBA"). To secure repayment of the Loan, Macedonia executed and delivered a mortgage ("Mortgage") encumbering the property located at 311 East Highland Road, Macedonia, OH 44056 (the "Property"). Berkshire has remained the holder of the Note and Mortgage since their execution. As additional security for the Loan, Macedonia executed an assignment of leases

and rents ("Assignment") assigning its rights to all present and future leases, rents, and income for the Property to Berkshire. Macedonia also executed a commercial security agreement granting Berkshire a security interest in all accounts, inventory, equipment, furniture, fixtures, general intangibles, chattel paper, and instruments (the "Collateral"). Berkshire perfected its security interest in the Collateral with a properly filed and recorded UCC financing statement.

{¶3} Also on December 11, 2017, as additional security for the Loan, Appellants Pooniwala, Burnsville, and Perdin (the "Guarantors") executed an unconditional guarantee as Guarantors of the Loan. The Guarantors guaranteed payment of all amounts owing under the Note.

{¶4} In 2020, during the COVID-19 pandemic, Macedonia began receiving 100% monthly payment assistance through the United States Government. In January 2021, Macedonia's payment assistance was lowered to $9,000.00/month and Macedonia was responsible for the remaining balance. On January 8, 2021, Macedonia made its January 1, 2021 payment in full. The February 1 and March 1, 2021 payments were paid by Macedonia on May 13, 2021 (four and a half and three and a half months after the payments were due). The April 1 and May 1, 2021 payments were paid by Macedonia on June 17, 2021 (two and a half and one and a half months after the payments were due).

{¶5} On May 27, 2021, Berkshire delivered a demand letter to Macedonia. The letter stated that Berkshire was accelerating the Loan and demanding the immediate repayment of the total outstanding balance of the Loan because (1) payments on the Loan were past due and unpaid from April 1, 2021, (2) Macedonia had failed to provide certain financial information required pursuant to the Loan documents, (3) taxes on the Property were delinquent, and (4) hazard insurance on the Property and Collateral had lapsed.

{¶6} On July 2, 2021, Berkshire filed a complaint to obtain judgments against the Appellants and to foreclose based upon (1) the Note and Mortgage against Macedonia, (2) the Assignment, (3) the commercial security agreement against the Collateral, and (4) the unconditional guarantees signed by the Guarantors.

{¶7} Berkshire moved for summary judgment. Appellants jointly filed a brief in opposition to Berkshire's motion for summary judgment. The trial court granted Berkshire's motion for summary judgment. The court issued a decree of foreclosure.

{¶8} Appellants have appealed raising one assignment of error for review.

II.

{¶9} Before turning to the merits, we must consider whether this appeal is properly before us. "Mootness presents a question of jurisdiction * * *." *Tavenner v. Pittsfield Twp. Bd. of Trustees*, 9th Dist. Lorain No. 22CA011831, 2022-Ohio-4444, ¶ 7, quoting *Brown v. Dayton*, 2d Dist. Montgomery No. 24900, 2012-Ohio-3493, ¶ 10. It "prevents courts from deciding cases in which no controversy remains." *C.S. v. M.S.*, 9th Dist. Summit No. 29672, 2021-Ohio-1943, ¶ 3. "After the rights and obligations of the parties have been extinguished through satisfaction of the judgment, a judgment on appeal becomes moot because it 'cannot have any practical effect upon the issues raised by the pleadings.'" *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 8, quoting *Sedlak v. Solon*, 104 Ohio App.3d 170, 178 (8th Dist.1995).

{¶10} In issuing a decree of foreclosure, the trial court found Appellants liable to Berkshire for $2,108,914.09. Appellants moved the trial court to stay the execution of its judgment, but the trial court denied their motion. The Property sold during the pendency of this appeal.

{¶11} Following the sale of the Property, this Court issued a show cause order. We ordered the parties to respond as to whether the appeal was moot due to the sale of the Property. At that point, the sale had yet to be confirmed and the proceeds had yet to be distributed. Berkshire argued the appeal would become moot once the proceeds were distributed. Appellants argued a live controversy remained because the sale left a deficiency judgment. Within days of the parties responding to our show cause order, the trial court entered an order confirming the sale of the Property and ordering a distribution of the sale proceeds. Appellants moved the trial court to stay the distribution of the proceeds, but the trial court denied their motion. The Property sold for $536,000.00.

{¶12} "In foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action." *Tutin*, 2009-Ohio-1333, at ¶ 16. Generally, "satisfaction of judgment occurs when the subject property has been sold and the proceeds of the sheriff's sale have been distributed." *Bayview Loan Servicing, L.L.C. v. Salem*, 9th Dist. Summit No. 27460, 2015-Ohio-2615, ¶ 7. Here, however, a deficiency judgment exists. The trial court entered judgment in favor of Berkshire for $2,108,914.09. The Property sold for $536,000.00. "Because there is an unsatisfied deficiency judgment in this case, the mootness doctrine is not determinative of all of the issues * * *." *U.S. Bank, N.A. v. Poff*, 9th Dist. Wayne No. 14AP0023, 2016-Ohio-2874, ¶ 16. The appeal remains viable to the extent it challenges the money judgment the trial court imposed upon Appellants. *See id.* That portion of the appeal represents a live controversy. Accordingly, we have jurisdiction to address it.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY IMPROPERLY GRANTING SUMMARY JUDGMENT FOR BERKSHIRE BANK.**

**{¶13}** In their sole assignment of error, Appellants argue that the trial court erred by granting Berkshire's motion for summary judgment on Berkshire's foreclosure action because genuine issues of material fact exist. For the following reasons, this Court disagrees.

**{¶14}** Initially we note, while Berkshire asserts this Court's May 17, 2023 order extended only Pooniwala's deadline to submit an appellate brief and did not extend the deadline for the other appellants, Local Rule 14(C) states "[w]hen one party receives an extension of time, * * * the extension shall apply to all other parties on that side." Therefore, all Appellant's briefs are timely.

**{¶15}** Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**{¶16}** In a foreclosure action, the plaintiff moving for summary judgment must present:

evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is

in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.

*The Bank of New York Mellon v. Bridge*, 9th Dist. Summit No. 28461, 2017-Ohio-7686, ¶ 10, quoting *Bank of Am., N.A. v. Edwards*, 9th Dist. Lorain Nos. 15CA010848, 15CA010851, 2017-Ohio-4343, ¶ 10. Here, Appellants only dispute the 4th prong. Appellants raise multiple issues relating to different conditions precedent which the Appellants assert remain genuine questions of material fact.

{¶17} This Court's review of the record indicates that Berkshire met its initial summary-judgment burden by pointing to evidentiary materials demonstrating that there was no genuine issue as to any material fact regarding its foreclosure action, and that they were entitled to judgment as a matter of law. *Dresher*, 75 Ohio St.3d at 292. Berkshire presented evidence indicating that: (1) Berkshire is the holder of the Note and Mortgage for the Property; (2) Berkshire had not assigned the Note and Mortgage, and therefore no chain of assignments was pertinent to this case; (3) Macedonia failed to pay its February, March, April, and May payments. After Macedonia failed to timely make its payments, pursuant to the Loan agreement's acceleration clause, Berkshire delivered a demand letter indicating it was accelerating the Loan and demanded immediate repayment of the total outstanding balance of the Loan. At the time of the initiation of the foreclosure action, Macedonia did not pay the full accelerated amount owed and Macedonia was in default of the Mortgage; (4) Berkshire provided notice to Macedonia of default and acceleration of the Loan via a letter delivered by certified mail. Additionally, the Loan agreement and Mortgage did not include any curative clause for Macedonia to cure default; and (5) the specific amounts of principal and interest due total $2,265,322.71.

{¶18} Appellants dispute that all conditions precedent have been met. Appellants raise three arguments relating to different conditions precedent which the Appellants assert remain

genuine questions of material fact: (1) Berkshire did not submit a litigation plan to the SBA; (2) Berkshire did not mitigate its damages when it refused to sell the Property following the filing of the foreclosure action to a ready, willing, and able buyer for approximately $1.8 million; and (3) Berkshire failed to mitigate its damages when it failed to contact any of the Guarantors to attempt to recover the amounts owing under the Note.

{¶19} First, a significant portion of Appellants' appellate brief relates to Berkshire's failure to file a litigation plan with the SBA. Appellants argue that Berkshire did not meet all the conditions precedent for filing for default because it did not submit a litigation plan in accordance with its agreement with the SBA and pursuant to 13 C.F.R. 120.540(c). Appellants also assert that Berkshire was required pursuant to 13 C.F.R. 120.540(e) to suspend its foreclosure action and submit a litigation plan to the SBA upon learning that the matter was contested, and therefore "non-routine." Appellants also assert that Berkshire failed to mitigate its damages pursuant to 13 C.F.R. 120.540, which requires lenders of SBA loans to work with small businesses to avoid foreclosure.

{¶20} Courts have frequently held that an SBA agreement is "between the bank and the SBA and creates no right in the Defendants." *United States v. Martin*, 344 F.Supp. 350, 356 (E.D.Mich. 1972); *see also Id.*, *quoting United States v. Fay T. Garner, et al.*, Civil No. 67-C-48 (D.Colo. 1968). ("The Participation Agreement * * * was clearly an agreement between the Bank and the Small Business Administration for their mutual benefit and created no legal rights or duties in the Defendants. The Defendants are not parties to the Agreement, nor are they third-party beneficiaries of the Agreement."); *Hudson v. Sun Natl. Bank*, Nos. CIV.A. 10-6401, 10-5481, 11-0432, 2014 WL 3700147, *3 (E.D.Pa. July 25, 2014), fn. 29 ("But what appears to have always been true is the SBA's guarantees–of those funds lent to borrowers by banks–have been

agreements between the lending institutions and the SBA, and have been entirely independent of, and have created no rights in, the borrowers."); *United States v. Healy*, 923 F.Supp. 1424, 1429 (D.Kan. 1996) ("The provisions of the Loan agreement * * * were for the benefit of the SBA. * * *Any benefits that the personal guarantors derived from the Loan agreement were merely incidental.")

{¶21} Here, the loan at issue was secured with a guarantee from the SBA and Macedonia was able to secure a $2,000,000.00 commercial loan due to the SBA guarantee. However, the Loan agreement and Mortgage do not require Berkshire to submit a litigation plan to the SBA prior to initiating a foreclosure action. Berkshire's agreement with the SBA, and any requirements outlined within 13 C.F.R. 120.540, do not benefit Appellants. We agree with the trial court's finding that Berkshire did not fail to satisfy a condition precedent when it (1) did not submit a litigation plan to the SBA prior to initiating its foreclosure action, and (2) did not submit a litigation plan to the SBA once the foreclosure action was contested and non-routine. Appellants' various arguments relating to any agreement between Berkshire and the SBA have no merit.

{¶22} Second, Appellants argue that Berkshire did not meet all the conditions precedent for filing its foreclosure action because it did not mitigate its damages prior to filing. Appellants argue that Berkshire failed to mitigate its damages when it refused to sell the Property following the filing of the foreclosure action to a ready, willing, and able buyer for approximately $1.8 million. This Court notes that the Appellants did not challenge the refusal to sell the Property following the filing of the foreclosure action to a ready, willing, and able buyer in the Appellants' motion for summary judgment. Appellants cannot challenge the refusal to sell for the first time on appeal. *See State ex rel. Perkins v. Medina Cty. Bd. of Commrs.*, 9th Dist. Medina No. 19CA0051-M, 2020-Ohio-3913, ¶ 16 (providing that a party cannot raise a new argument for the first time on

appeal when the party failed to raise that argument in its brief in opposition to a dispositive motion).

{¶23} Third, Appellants argue that Berkshire failed to mitigate its damages when it failed to contact any of the Guarantors to attempt to recover the guaranteed payment of all amounts owing under the Note. Appellants' argument that Berkshire failed to mitigate its damages by not contacting the Guarantors, or providing the Guarantors with a written demand, is not supported by the record. Each unconditional guarantee executed by the Guarantors states that "Guarantor waives any notice of * * * demand[.]" Given the terms outlined within the unconditional guarantee, Berkshire was not required to provide prior notice to the Guarantors before initiating its foreclosure action against Macedonia. Appellants' arguments relating to Berkshire's failure to notify the Guarantors or mitigate its damages via the Guarantors have no merit.

{¶24} Having reviewed the record, this Court concludes that Appellants failed to meet their reciprocal summary-judgment burden of setting forth specific facts showing that there was a genuine issue for trial. *Dresher*, 75 Ohio St.3d at 293; Civ.R. 56(E). The trial court, therefore, did not err when it granted summary judgment in favor of Berkshire on Berkshire's foreclosure action. Accordingly, Appellants' assignment of error is overruled.

III.

{¶25} Appellants' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶26} While I concur in the majority's determination that this matter is not moot, I respectfully dissent regarding the resolution of the Appellants' sole assignment of error. In granting summary judgment, the trial court concluded that the requirement to file a litigation plan set forth in 13 C.F.R. 120.540(c) does not establish a condition precedent. In reaching this conclusion, the trial court observed that the SBA litigation regulations were germane only to the SBA's relationship with the lender and had no bearing on the lender's ability to accelerate the loan and file suit upon a breach of the terms of the note.

{¶27} The overarching purpose of the SBA regulations are "to aid, counsel, assist, and protect the interest of small business concerns as well as to help victims of disasters." *Ameritrust Co. Natl. Assn. v. J & J Soap Box, Inc.*, 10th Dist. Franklin No. 90AP-1086, 1991 WL 4930, *2 (Jan. 17, 1991). "Hence, one of the primary functions of the SBA is to make loans to small business[es] * * * who do not otherwise qualify for loans by traditional banking standards, either directly or pursuant to a guarantee agreement with a financial institution." *Id.*

{¶28} 13 C.F.R. 120.540(c) provides that "[a]n [a]uthorized * * * [l]ender must obtain SBA's prior approval of a litigation plan before proceeding with any [n]on-[r]outine [l]itigation[.]" Furthermore, the SBA's Standard Operating Procedure contains a provision stating that "[l]enders must obtain SBA's prior written approval before taking any [l]oan [a]ction that involves a[] * * * [l]itigation [p]lan and any amendments to a [l]itigation [p]lan for [n]on-[r]outine [l]itigation[.]" S.B.A. S.O.P. 50 57 (Third Edition), Chapter 3, Section C(3)(l), 2023 WL 5036027. 13 C.F.R. 120.540(c)(1) defines non-routine litigation as "(i) [a]ll litigation where factual or legal issues are in dispute and require resolution through adjudication; (ii) [a]ny litigation where legal fees are estimated to exceed $10,000; (iii) [a]ny litigation involving a loan where a [l]ender or [a]uthorized CDC [l]iquidator has an actual or potential conflict of interest with SBA; and (iv) [a]ny litigation involving a 7(a) or 504 loan where the [l]ender or CDC has made a separate loan to the same borrower which is not a 7(a) or 504 loan." The requirement to obtain written consent prior to accelerating the loan and suing on the note is consistent with the overarching purpose of the regulations. *J & J Soap Box, Inc.* at *3. "The general duty to service the loan does not grant the lender the authority to unilaterally accelerate or to sue upon an SBA guaranteed loan which is in default. This interpretation is consistent with the policy of the SBA and is necessary to effectuate

the stated purposes of the SBA to protect and to aid small businesses in their relationship with financial institutions." *Id.*

{¶29} Here, I would hold that the trial court erred in concluding that the requirement to file a litigation plan set forth in 13 C.F.R. 120.540(c) does not establish a condition precedent to filing suit upon an SBA loan that was in default. To hold otherwise would be to disregard the core public policy consideration underpinning the SBA regulatory scheme. Accordingly, I would sustain the Appellants' sole assignment of error and reverse the trial court's summary judgment order.

APPEARANCES:

MARISSA K. VARCHO and TROY J. DOUCET, Attorneys at Law, for Appellants.

ROBERT L. DAWSON and JOHN R. WIRTHLIN, Attorneys at Law, for Appellee.