[Cite as *Schmitt v. Ward*, 2017-Ohio-6975.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

MELISSA M. SCHMITT

    Appellee

    v.

SHAINE WARD

    Appellant

C.A. No.     28219

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2007-07-2217

DECISION AND JOURNAL ENTRY

Dated: July 26, 2017

---

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Shaine Ward, appeals a post-decree order of the Summit County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm.

I.

{¶2} This case has a long and arduous history. A review of the trial court docket preceding the present appeal shows 858 entries spanning nearly eight years and including nine notices of appeal filed by Ward. The present appeal arises out of the parties' inability to agree in which school-related activities their minor child should participate.

{¶3} Ward and Plaintiff-Appellee, Melissa Schmitt, married in 2005 and have one child, P.W. In 2007, Schmitt filed a complaint for divorce. The trial court eventually entered a decree of divorce in 2010 and Ward appealed. However, on appeal, this Court determined that the decree was not a final appealable order and remanded the matter to the trial court. *See Ward*

*v. Ward*, 9th Dist. Summit No. 25649 (Nov. 19, 2010). Upon remand, the trial court corrected the finality issue and Ward again appealed. On appeal from the ensuing decree, this Court reversed concluding that the trial court had improperly allowed the child custody arrangement to remain ambiguous and that it had incorrectly found that the parties' date of marriage preceded the date of their marriage ceremony. *See Ward v. Ward*, 9th Dist. Summit No. 26372, 2012-Ohio-5658 ("*Ward II*").

{¶4} Upon remand, the trial court held several hearings concerning the parties' property, shared parenting, and child support. The trial court entered a subsequent divorce decree on April 17, 2015. However, prior to the trial court entering the April 17, 2015 decree, Ward filed a number of appeals that were dismissed by this Court for a variety of reasons. Relevant to the current appeal, this Court dismissed one of Ward's attempted appeals for lack of jurisdiction because the order at issue was void. *See Schmitt v. Ward*, 9th Dist. Summit No. 27669, (Feb. 12, 2015) ("*Ward III*"). A review of the docket immediately prior to this Court's dismissal of *Ward III* shows that Ward filed an appeal that this Court dismissed because that order was not final and appealable. *See Schmitt v. Ward*, 9th Dist. Summit No. 27503 (Dec. 29, 2014). While that appeal was pending, Ward filed a motion for a new trial and motion for relief from judgment in the trial court. The trial court denied Ward's motions and Ward appealed. This Court dismissed that appeal, again determining that the order denying Ward's motions was not final and appealable. *See Schmitt v. Ward*, 9th Dist. Summit No. 27636 (Feb. 6, 2015). Nonetheless, while that appeal was still pending, the trial court issued an order concerning shared parenting, which Ward also appealed. This Court subsequently dismissed that appeal, concluding that since the shared parenting order was issued pending an appeal, the order was void. *See Ward III*.

**{¶5}** Ward also appealed the April 17, 2015 decree and this court subsequently affirmed the trial court's decision. *See Schmitt v. Ward*, 9th Dist. Summit No. 27805, 2016-Ohio-5693, ¶ 18 ("*Ward IV*"). While that appeal was pending, Schmitt filed a motion for contempt alleging that Ward had continually interfered with her right to make the final decision as to school sports and activities in which P.W. would participate. Although the trial court did not find Ward in contempt, it did issue an order enforcing the 2015 divorce decree.

**{¶6}** Ward filed this timely appeal, raising two assignments of error for our review. For ease of analysis, we elect to consider the assignments of error out of order.

II.

**Assignment of Error II**

**The trial court erred in modifying the Appellate Court Entry of August 28, 2015 in the case of Melissa Schmitt v. Shaine Ward in C.A. 27805 in that the Appellate court recognized that the trial court, pending the appeal could review, "parenting time issues" and also the Ranch Road property. However, the Entry of March 30, 2016 expands the authorization granted by the Appellate Court in [its] order of August 28, 2015 in Melissa Schmitt v. Shaine Ward in C.A. 27805 in that in the last paragraph of the first page of said order of March 30, 2016 indicates that the trial court could review "parenting issues" and leaves out the modifying word of "time." Therefore, the trial court erred in expanding the Appellate Court Order of August 28, 2015 of this Appellate Court in Melissa Schmitt v. Shaine Ward in C.A. 27805 by indicating that it had the ability to hear "parenting issues" vs. "parenting time issues."**

**{¶7}** In his second assignment of error, Ward contends that the trial court was without authority to issue the March 30, 2016 order because the April 17, 2015 decree was still on appeal. However, Ward does not develop an argument with regard to this alleged error nor does he support his claim with any legal authority. Rather, Ward argues that the *Appellee's counsel* erred in the language she included in the order she prepared at the request of the trial court. Ward complains that Schmitt's counsel did not change the language in the order to the language

that his counsel requested and that his counsel did not approve the proposed order as is stated below the signature line. Nonetheless, Ward has failed to set forth any legal authority to support either his assigned error or the argument he makes in its place. Accordingly, Ward has failed to provide citations to authorities in support of this assignment of error as required by App.R.16(A)(7) and Loc.R. 7(B)(7). "As the appellant, [Ward] has the burden of affirmatively demonstrating error on appeal." *Walker v. Walker*, 9th Dist. Medina No. 3270-M, 2002-Ohio-3201, ¶ 11, citing *Angle v. W. Res. Mut. Ins. Co.*, 9th Dist. Medina No. 2729-M, 1998 WL 646548, *2 (Sept. 16, 1998). "'[I]t is not the function of this court to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.'" *Bennett v. Sunnywood Land Dev., Inc.*, 9th Dist. Medina No. 06CA0089-M, 2007-Ohio-2154, ¶ 68, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996). Therefore, since Ward has failed to develop an argument or support his assignment of error or the argument he makes in its place with any legal authority, we conclude that he has not met his burden of demonstrating error by the trial court.

{¶8} Accordingly, Ward's second assignment of error is overruled.

### Assignment of Error I

**The trial court erred in its entry of March 30, 2016 changing the wording of the Entry of April 17, 2015 while said order was on [a]ppeal in the case styled Melissa Schmitt v. Shaine Ward, C.A. 27825 by expanding the language in paragraph 11.3 (last sentence) of the Entry of April 17, 2015 to encompass greater discretion by the mother in relation to sporting activities of the parties' minor child, [P.W.]. The trial court's expansion of the language of the Order of April 17, 2015 while said Order is on appeal exceeds the authority of the trial court and thus the Order of March 30, 2016 is a void order as this court has previously held in [Ward III].**

{¶9} In his first assignment of error, Ward contends that the trial court erred by modifying the language in the divorce decree and granting Schmitt greater discretion to

determine the sporting activities of P.W. Ward also contends that the trial court's order is void based on this Court's decision in *Ward III*. We disagree.

{¶10} Contrary to Ward's contention, the present matter is distinguishable from *Ward III*. Specifically, the present appeal was filed after the entry of a final appealable order, whereas the appeal in *Ward III* was not. It is well-settled that, absent a stay, a trial court retains jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify, or reverse the appealed judgment. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). This includes collateral issues such as contempt. *Id*. Furthermore, "an appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner[.]" R.C. 2505.09. "Application for a stay of the judgment or order of a trial court pending appeal * * * must ordinarily be made in the first instance in the trial court." App.R. 7(A). Although a review of the record shows that Ward filed a motion to stay the April 17, 2015 divorce decree on April 11, 2016, the March 30, 2016 journal entry states that Ward withdrew his motion for stay of "the issues concerning the parenting issues." Ward does not challenge this finding on appeal.

{¶11} Next, we note that Ward has not supported his argument with any citations to legal authorities or statutes as required by App.R. 16(A)(7). Nonetheless, we determine that Ward's argument is without merit. R.C. 3109.04(E)(1)(a) states in pertinent part:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless if finds based on the facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred the circumstances of the child the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

{¶12} In this case, the April 17, 2015 divorce decree states, in relevant part, "Both parents can participate in school events such as dances, plays and coaching sports at any time

during school hours as permitted by the normal policies of the school. Melissa Schmitt shall have the final decision as to school sports and activities." There is a separate provision in the divorce decree that governs non-school related extra-curricular activities. That provision does not grant any greater authority to either Schmitt or Ward to determine in which non-school related extra-curricular in which activities P.W. shall participate. The only limitation within that section states that "[n]either parent shall schedule an activity for the child during the time when they have parenting time scheduled with the other parent without first obtaining the consent of the other parent."

{¶13} In the March 30, 2016 journal entry, the trial court found that CYO sports and activities constitute "school sports and activities" and that "Melissa Schmitt has the sole authority to register, enroll, or otherwise involve [P.W.] in school sports and activities, including Soccer, Track, and Cub Scout[s] * * * which in any way include [P.W.'s school]." On appeal, Ward does not challenge these findings. Rather, Ward contends that based on paragraphs six and seven of the order, the March 30, 2016 "[e]ntry far exceeds the authority granted in the Trial Court Entry April 17, 2015 court order regarding 'school sports and activities' directed by the trial court in the original order of April 17, 2015." Those paragraphs read as follows:

> 6. Melissa Schmitt and Shaine Ward are not to interfere in any way with [P.W.]'s participation in any sport or activity in which Melissa Schmitt determines P.W. shall participate.

> 7. Melissa Schmitt and Shaine Ward are faithfully to transport [P.W.] to all sports or activities in which Melissa Schmitt determines [P.W.] shall participate.

{¶14} Although the language in these paragraphs may be inartful, when read in the context of the entire record, including the complete journal entry, the divorce decree, and the hearing transcript, these paragraphs do not expand Schmitt's authority, but rather enforce a preexisting right granted to Schmitt in the divorce decree. First, the only allegation in the motion

for contempt that the trial court considered during the hearing was Schmitt's contention that Ward was interfering with her right to "have the final decision as to school sports and activities." Additionally, the parties agreed to limit the hearing to a "statement of agreement which [the Father at P.W.'s school] requires before he will permit [P.W.] to participate in CYO activities." Second, the two paragraphs immediately preceding paragraphs six and seven solely address Schmitt's authority to enroll P.W. in school sports and activities. Third, the journal entry does not address non-school related extra-curricular activities and nothing in the above language prevents Ward from enrolling P.W. in any such activities. Indeed, the only limitation placed on Ward in the journal entry is that he is not to interfere with any activity in which Schmitt has determined P.W. shall participate. Finally, a review of the hearing transcript shows that the trial court was only considering the issue of school-related sports and activities and that the parties acknowledged that the divorce decree contained a "separate extracurricular provision."

{¶15} Therefore, based on the foregoing, we conclude that the March 30, 2016 journal entry does not improperly modify the divorce decree.

{¶16} Accordingly, Ward's first assignment of error is overruled.

### III.

{¶17} Both of Ward's assignments of error are overruled. Therefore, the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

FRANK J. CIMINO, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.