[Cite as *Schmitt v. Ward*, 2018-Ohio-1043.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MELISSA SCHMITT

    Appellee

    v.

SHAINE WARD

    Appellant

C.A. No.      28694
              28700

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR 2007 07 2217

DECISION AND JOURNAL ENTRY

Dated: March 21, 2018

---

TEODOSIO, Judge.

{¶1} Shaine Ward appeals the entries of the Summit County Court of Common Pleas, Domestic Relations Division, dated June 7, 2017, and June 20, 2017.

I.

{¶2} In 2007, Melissa M. Schmitt filed a complaint for divorce against Shaine Ward, and a decree of divorce was issued in 2012. The appeal now before this Court is the consolidated appeal from two entries of the trial court, dated June 7, 2017, and June 20, 2017. They represent, respectively, the thirteenth and fourteenth appeals or attempted appeals filed by Mr. Ward in this matter. We have previously set forth the factual background of this matter in *Ward v. Ward*, 9th Dist. Summit No. 26372, 2012-Ohio-5658, and more recently in *Schmitt v. Ward*, 9th Dist. Summit No. 28219, 2017-Ohio-6975. The issue before us on this appeal largely concerns certain property designated as "Ranch Road."

{¶3}   The order of June 7, 2017, is an agreed entry, approved by the attorneys for Ms. Schmitt and Mr. Ward, setting forth the parenting time schedule for the summer of 2017, providing that Attorney Frank Cimino receive rental proceeds from the Ranch Road property to pay utilities and expenses, and authorizing Attorney Cimino to list the property for an auction sale.  The entry of June 20, 2017, also approved by the attorneys for Ms. Schmitt and Mr. Ward, ordered the Portage Metro Housing Authority to send all rental income from the Ranch Road property to Attorney Cimino for deposit in his IOLTA and ordered Mr. Ward to arrange for the transfer of the title of the Ranch Road properties to the entity holding title at the time of the complaint for divorce, or alternatively to obtain authorization from the current owner to list the property for an auction sale.  The entry further ordered Mr. Ward to "take all action to list the property for sale by Kiko Company immediately."   Mr. Ward now appeals the two entries, raising four assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN O[]MITTING THE DATES AND CALCULATING MARITAL VALUES FOR "DU[]RING THE MARRIAGE" CONSTITUTED JULY 23, 2005[,] THROUGH APRIL 7, 2009[,] IN ITS JUDG[]MENT ENTRIES, EVEN THOUGH THE MARRIAGE DATE CHANGED FROM MAY 16, 2003[,] TO JULY 23, 2005[,] IN C.A. 26372.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED TS DISCRETION IN NOT AC[C]OUNTING FOR SEPARATE MAR[ITA]L ASSETS, DEBTS, AND FUNDS OWNED AND USED BY THE APPELLANT PRIOR TO THE MARRIAGE AND IN THE PURCHASE OF REAL PROPERTY REFERRED TO BY THIS TRIAL COURT AS RANCH ROAD AND 50 SCUPPER ROAD.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED AS A MATTER OF FACT AND ABUSED ITS DISCRETION IN NOT RULING ON A MOTION TO RECUSE, MOTION TO MODIFY CHILD SUPPORT AMONG MANY OTHERS, RAISING CONCERNS OF THE RECORD, THEREFORE CHANGING THE PARTIES [sic] PREVIOUS TESTIMONY AND ELIMATING [sic] THE APPELLANT[']S ABILITY TO HAVE A FAIR TRIAL AND VIOLATING THE APPELLANT[']S RIGHTS TO DUE PROCESS.

## ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED AS A MATTER OF FACT AND ABUSED ITS DISCRETION IN FILING MULTIPLE ORDERS WHEN THE TRIAL COURT HAD NO JURISDICTION AS THERE WAS C.A. 28219 WAS [sic] PENDING APPEAL DURING THE TIME THE TWO ORDERS WERE FILED.

{¶4} "From early in this state's history, we have held that a party participating in a consent judgment will not be allowed to appeal errors from that judgment." *Sanitary Commercial Serv., Inc. v. Shank*, 57 Ohio St.3d 178, 181 (1991), citing *Wells v. Warrick Martin & Co.*, 1 Ohio St. 386 (1853) paragraph one of the syllabus. A consent judgment is an agreement between parties which meets with the approval of the court, and in the absence of fraud, a judgment rendered with the consent of the parties is binding and conclusive between the parties. *Goetz v. First Benefits Agency*, 9th Dist. Summit No. 18381, 1997 Ohio App. LEXIS 4632, *4. *See also Bd. of Twp. Trustees v. Maurer*, 6th Dist. Wood No. WD-87-77, 1988 Ohio App. LEXIS 3912, *7 (finding that in the absence of an argument based in fraud, incapacity, or lack of valid consent, an agreed upon judgment entry must stand). "The general rule is that a judgment reached by consent of the parties is not subject to appellate review." *Id*. at *6. "The incorporation of a contested issue into an agreed entry constitutes waiver of that issue on appeal unless specifically preserved by the objecting party." *In re P.P.*, 10th Dist. Franklin No. 13AP-140, 2013-Ohio-4988, ¶ 10.

{¶5} Both of the orders from which Mr. Ward now appeals were entered with the agreement of the attorneys for both Mr. Ward and Ms. Schmitt, and no argument has been made that would support a theory of fraud or incapacity. As such, Mr. Ward has not presented us with any argument that would support reversal. Mr. Ward's assignments of error are overruled.

III.

{¶6} Mr. Ward's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SHAINE WARD, pro se, Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.