[Cite as *Lu v. Akron Dept. of Neighborhood Assistance*, 2023-Ohio-1351.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

QINGJUN LU

    Appellant

    v.

CITY OF AKRON
DEPARTMENT OF NEIGHBORHOOD
ASSISTANCE

    Appellee

C.A. No.    30124

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2020-04-1251

DECISION AND JOURNAL ENTRY

Dated: April 19, 2023

FLAGG LANZINGER, Judge

{¶1} Qingjun Lu appeals the judgment of the Summit County Court of Common Pleas, dated July 31, 2020. For the reasons that follow, this Court affirms.

I.

{¶2} On March 11, 2020, the City of Akron's Vacant Commercial or Industrial Building Appeals Board (the Board) determined that the property located at 1284 W. Waterloo Road, Akron, Ohio (the Property), owned by Mr. Lu, was a nuisance and ordered the property be demolished. Mr. Lu appealed the decision of the Board to the Summit County Court of Common Pleas.

{¶3} On July 31, 2020, Mr. Lu and the Board reached an agreement. That agreement was memorialized by the court as a journal entry. The agreement reads as follows:

> This case is before the court based on the Notice of Appeal (Appeal), filed by Appellant Qingjun Lu (Appellant). The City's Department of Neighborhood Assistance (the City, Appellee) is the Appellee.

1. On March 11, 2020, after providing adequate notice to all interested parties, the City's Vacant Commercial or Industrial Building Appeals Board (the Board) conducted a hearing in compliance with R.C. Chapter 2506 and Akron Code of Ordinances 154.051. At the conclusion of the hearing, the Board determined that the property at 1284 W. Waterloo Road, Akron, Ohio (the Property), in which Appellant holds an interest, is a nuisance, that demolition is reasonably necessary to abate the nuisance, and that, therefore, the Property must be demolished with the costs assessed as a tax lien, as reflected in the Board's Conclusions of Fact. Based upon these determinations, the Board ordered the demolition of the structure.

2. Appellant shall be entitled to a stay of execution of the Board's Decision, so long as Appellant keeps the Property vacant, secure, mowed, and free of litter and debris, and places $20,000 (the "Surety Bond") in escrow with an escrow agent or in the IOLTA account of the attorney for Appellant, during the pendency of this case in this court, subject to the terms of this Journal Entry. Within 7 days of this Entry, counsel for Appellant shall provide evidence satisfactory to counsel for the City that the Surety Bond is in place.

3. Appellant shall have until two-hundred seventy (270) days from the date of this Journal Entry (the Deadline) to complete the repairs to the Property listed in Exhibit A, attached hereto, to the satisfaction of Appellee's inspectors, including any permits and inspections required by law to be performed by the Division of Building Standards of Summit County (i.e. plumbing/sprinklers, electrical, HVAC, building), such that by the Deadline, the Property complies in full with the Vacant Commercial or Industrial Building Code of the City of Akron. It is Appellant's obligation to request and schedule all necessary inspections to insure approval/satisfaction by the Deadline. Appellant's failure to plan accordingly will not delay disposition of this case. Appellee shall neither hinder nor assist Appellant's efforts to obtain permits from the Division of Building Standards of Summit County, nor the scheduling and/or completion of any inspection of the Property.

4. If Appellant repairs the urgent-exterior conditions: including broken windows, litter, clutter, brush, high grass and general property appearance; and urgent-interior conditions: including floors and stairs, all to the satisfaction of the inspectors of the City, including Appellant obtaining necessary permit(s), inspection(s), and approval(s) from the Division of Building Standards of Summit County, then $5,000 of the Surety Bond will be released to Appellant. Written notification from counsel for the City to Counsel for Appellant expressing the City's satisfaction with the repairs shall constitute sufficient basis for release of the portion of the Surety Bond. The parties contemplate the release of the aforementioned portion of the Surety Bond to Appellant, without delay, as soon as the City is able to inspect the repairs and verify approval by the Building Inspection Division of Summit County.

5. If Appellant does not comply with any of the terms of paragraph two and three, above, the Board's demolition order shall be executed, the Surety Bond, less any amount released pursuant to paragraph 4, above, shall be released to Appellee to be applied to the cost of asbestos assessment, asbestos abatement and demolition of the Property, with any excess funds returned to Appellant, Appellant's stay of execution shall be terminated, and the case dismissed at Appellant's cost.

6. If Appellant does comply with the terms of paragraph two and three, above, the Board's demolition order shall be rescinded, through Appellee's counsel, the Surety Bond, less any amount released pursuant to paragraph 4, above, shall be released to Appellant, whereby this matter will be rendered moot and shall be dismissed at Appellant's cost, and Appellant's stay of execution shall be terminated.

7. Compliance with the terms of this Journal Entry shall be based on Appellee's timely inspection of the property, and the inspector's Affidavit, which shall serve as a sufficient basis for a final journal entry of the court. Appellant knowingly, intelligently and voluntarily consents to this procedure. Appellant knowingly, intelligently and voluntarily waives the right to file any further appeal of this matter, or to seek any further stay of execution of this matter, or to initiate any proceeding that could delay this matter, including, but not limited to pursuing relief under Civil Rule 60 in exchange for the consideration provided in this Journal Entry.

[8]. Appellant may sell or otherwise transfer ownership of the Property during the pendency of this case. In the event of sale or transfer, Appellant shall obtain written acknowledgement of the purchaser or transferee, recognizing the existence of this Journal Entry and the obligation of the buyer/transferee to assume and satisfy all obligations of the Appellant as stated herein. Regardless of transfer, Appellant's Surety Bond shall remain with the escrow agent or in the IOLTA account of the attorney for Appellant until the court determines compliance with the terms of this Journal Entry.

IT IS SO ORDERED.

**{¶4}** On May 10, 2021, following a telephonic conference, the trial court entered the following journal entry:

Upon the agreement of the parties, the Court hereby extends the deadline, as stated in paragraph 3 of the 2020 Journal Entry, until July 31, 2021, for Mr. Lu to satisfy the terms and conditions of that Journal Entry. All other terms and conditions of the 2020 Journal Entry shall remain unchanged.

**{¶5}** On August 13, the Board submitted two affidavits from city inspectors asserting that Mr. Lu had not scheduled timely inspections. Mr. Lu did not present an entry or evidence

contradicting the affidavits. Pursuant to paragraph 7 of the consent judgment that permitted the court to rely upon the affidavits as a sufficient basis to determine Mr. Lu's compliance, on August 27, 2021, the court issued a final order. The order released the surety bond to the Board and ordered the Board's demolition order executed.

{¶6}    Mr. Lu has appealed the final order *pro se*, raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION BY STATING THAT "THE PARTIES AGREED TO TERMS, WHICH THE COURT APPROVED AS ITS JOURNAL ENTRY FILED JULY 31, 2020 [THE "2020 ENTRY"]" AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE THAT QINGJUN LU HAD NEVER AGREED [TO] THE TERMS SET FORTH IN THE 2020 ENTRY, AND NEVER PERMITTED DONALD GALLICK TO SIGN THE 2020 ENTRY. SEE APPENDIX A, JOURNAL ENTRY ON JULY 31, 2020. APPENDIX B, EMAIL FROM QINGJUN TO DONALD ON JUNE 19, 2020. APPENDIX C, EMAIL BETWEEN QINGJUN AND DONALD ON AUGUST 3, 2020.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN PREJUDICING QINGJUN IN CLAIMING "EACH AFFIANT STATED THAT APPELLANT FAILED TO SCHEDULE THE REQUIRED INSPECTIONS WITH THEM THAT WOULD HAVE ALLOWED THEM TO OBSERVE WHETHER ANY REPAIRS HAD BEEN MADE AND WHETHER SUCH REPAIRS WERE FIT FOR APPROVAL" AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN QINGJUN DID SCHEDULE THE REQUIRED INSPECTION WITH THE CITY ON TWO OCCASIONS: ONE IN MARCH 2021 AND ANOTHER IN AUGUST 2021. SEE APPENDIX D: TEXT MESSAGE BETWEEN QINGJUN AND JOHN GEORGE. AFTER THE INSPECTION, QINGJUN RECEIVED THE INSPECTION REPORT EMAILS FROM THE FIRE DEPARTMENT. SEE APPENDIX E AND APPENDIX F. IN CONTRAST, THE CITY FAILED TO GIVE ANY REPORTS TO QINGJUN LU AFTER THE TWO INSPECTIONS.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED IN NOT SENDING ITS EXTENSION AGREEMENT TO QINGJUN. THEREFORE, QINGJUN DID NOT KNOW IF

HE SHOULD SCHEDULE FURTHER INSPECTIONS WITH THE CITY. THIS ACTION BY THE TRIAL COURT IS CONTRARY TO RULE 5 OF THE OHIO RULES OF CIVIL PROCEDURE.

{¶7} This Court has previously held that a party participating with a consent judgment will generally not be allowed to appeal errors from that judgment. *Schmitt v. Ward*, 9th Dist. Summit Nos. 28694, 28700, 2018-Ohio-1043, ¶ 4, quoting *Sanitary Commercial Servs., Inc. v. Shank*, 57 Ohio St.3d 178, 181 (1991). "A consent judgment is an agreement between parties which meets with the approval of the court, and in the absence of fraud, a judgment rendered with the consent of the parties is binding and conclusive between the parties." *Id.*, citing *Goetz v. First Benefits Agency*, 9th Dist. Summit No. 18381, 1997 WL 669727, *2 (Oct. 15, 1997). "The general rule is that a judgment reached by consent of the parties is not subject to appellate review." *Id.*, quoting *Bd. of Twp. Trustees v. Maurer*, 6th Dist. Wood No. WD-87-77, 1988 WL 101200, * 3 (Sept. 30, 1988). Exceptions to the general rule apply for arguments based in fraud or incapacity contesting the validity of consent. *Id*.

{¶8} The order that Mr. Lu appeals was entered with the agreement of Mr. Lu and the City. The agreement of the parties was approved by the trial court. That agreement was memorialized by the court as a journal entry on July 31, 2020. That agreement is a consent agreement.

{¶9} The consent agreement reads in part within paragraph 7: "Appellant knowingly, intelligently and voluntarily waives the right to file any further appeal of this matter * * *." Subject to the consent agreement, Mr. Lu has voluntarily waived his right to further appeal. The judgment reached by consent of Mr. Lu and the Board is not subject to appellate review unless some exception to the general rule applies.

**{¶10}** At the trial level, Mr. Lu did not contest the validity of the consent judgment based on fraud or incapacity. "An appellate court will not consider an argument raised for the first time on appeal." *Consolo v. Menter*, 9th Dist. Summit No. 25394, 2011-Ohio-6241, 2011 ¶ 17, quoting *Gannon v. Klockenga*, 9th Dist. Summit No. 22946, 2006-Ohio-2972, ¶21.

**{¶11}** Mr. Lu now presents evidence to support his new assertion that he never agreed to the terms of the agreement made between the parties. Mr. Lu did not present this evidence to the trial court, nor did he object relating to those issues. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Hill*, 90 Ohio St.3d 571, 572 (2001), quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.

**{¶12}** Mr. Lu waived his right to appeal the trial court's decision. Mr. Lu's assignments of error are overruled.

III.

**{¶13}** Mr. Lu's first, second, and third assignments of error are overruled. The order of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶14} With respect to Mr. Lu's first assignment of error, I concur in judgment only. While I would conclude that Mr. Lu could contest the settlement agreement adopted by the trial court as a judgment entry on the basis of lack of valid consent, *see Schmitt v. Ward*, 9th Dist. Summit Nos. 28694, 28700, 2018-Ohio-1043, ¶ 4, nothing in the record which is properly before us demonstrates that Mr. Lu did not consent. *See Bd. of Twp. Trustees, Plain Twp. v. Maurer*, 6th Dist. Wood No. WD-87-77, 1988 WL 101200, *3 (Sept. 30, 1988), citing *Lowellville Coal Mining Co. v. Zappio*, 80 Ohio St. 458 (1909). Accordingly, I concur in the majority's judgment as to the first assignment of error.

APPEARANCES:

QINGJUN LU, pro se, Appellant.

EVE V. BELFANCE, Director of Law, and JOHN YORK and VONSHEAY V. BROWN, Assistant Directors of Law, for Appellee.