[Cite as *First Fed. S. & L. Assn. of Lorain v. Smith*, 2024-Ohio-5148.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF LORAIN | C.A. No.    24CA012097 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.    19 CV 198339 |
| JENNIFER L. SMITH, et al. | |
| Appellants | |

DECISION AND JOURNAL ENTRY

Dated: October 28, 2024

---

STEVENSON, Presiding Judge.

{¶1}    Defendants-Appellants Jennifer L. Smith nka Jennifer L. Hoops and Andrew A. Hoops (jointly "Hoops") appeal an order of the Lorain County Court of Common Pleas that confirmed a sheriff's sale and ordered the deed conveyed and the proceeds of the sale distributed. For the following reasons, this Court affirms.

I.

{¶2}    Plaintiff-Appellee First Federal Savings & Loan Association of Lorain ("First Federal") commenced action in June 2019 when it filed a complaint for foreclosure against the Hoops. The parties subsequently entered into a consent judgment, foreclosure, and order of sale in July 2022, and a consent supplemental judgment decree in September 2022.

{¶3}    The property at issue was sold at a November 2023 sheriff's sale. After the property sold, the trial court denied the Hoops' motion for relief from the 2022 consent judgment. The Hoops appealed the trial court's ruling on their motion for relief from judgment in *First Fed. S. &*

*L. Assn. of Lorain v. Smith*, 9th Dist. Lorain No. 24CA012070 ("the first appeal"). The first appeal was dismissed pursuant to the Hoops' motion.

{¶4} First Federal filed a motion to confirm the sheriff's sale in December 2023. In response to First Federal's motion, the Hoops filed a motion to stay the confirmation of sale. The trial court granted the requested stay provided the Hoops post a supersedeas bond.

{¶5} The Hoops did not post bond nor did they seek alternative relief from this Court. The trial court confirmed the sheriff's sale in February 2024. The Hoops appeal this order, asserting two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT LACKED AUTHORITY IN ITS JUDGMENT ENTRY OF FEBRUARY 28, 2024 CONFIRMING THE SALE OF THE HOOPS' [PROPERTY].**

{¶6} The Hoops argue in their first assignment of error that the trial court lacked jurisdiction to confirm the sale of the property in February 2024 while the first appeal was pending. We disagree.

{¶7} As previously set forth, the parties entered into a consent judgment in July 2022 and a supplemental consent judgment in September 2022. This Court has recognized that a party to a consent judgment "will generally not be allowed to appeal errors from that judgment." *Lu v. City of Akron Dept. of Neighborhood Assistance*, 2023-Ohio-1351, ¶ 7 (9th Dist.), citing *Schmitt v. Ward*, 2018-Ohio-1043, ¶ 4 (9th Dist.). "A consent judgment is an agreement between parties which meets with the approval of the court, and in the absence of fraud, a judgment rendered with the consent of the parties is binding and conclusive between the parties." *Schmitt* at ¶ 4. Even if appealable, the Hoops never appealed the 2022 consent judgment or the supplemental consent

judgment. The Hoops, rather, appealed the trial court's judgment denying their motion for relief from the consent judgment. The Hoops argue their appeal of the motion for relief from judgement divested the trial court from jurisdiction to confirm the sheriff's sale.

{¶8} "Jurisdiction is a question of law, which this Court reviews de novo." *Ohio Receivables, LLC v. Landaw*, 2010-Ohio-1804, ¶ 6 (9th Dist.). When conducting a de novo review, this Court independently reviews the trial court's decision "'without any deference to the trial court's determination.'" *Id., quoting State v. Consilio*, 2006-Ohio-649, ¶ 4 (9th Dist.).

{¶9} The Ohio Supreme Court has recognized that "'[t]he mere filing of a notice of appeal from [an] order . . . *does not divest the . . . court of jurisdiction to enforce* [a]. . . final *order pending appeal unless the party is granted a stay of execution of the order*.'" (Emphasis in original and citations omitted.) *State ex rel. State Fire Marshall v. Curl*, 87 Ohio St.3d 568, 570 (2000). While the Hoops rely on *State ex rel. Electronic Classroom of Tomorrow [ECOT] v. Cuyahoga Cty. Court of Common Pleas*, 2011-Ohio-626, to support their position that the trial court lacked jurisdiction to confirm the sale while the first appeal was pending, their reliance on *ECOT* is misplaced. *ECOT* does not apply as that case involved an appeal from a denial of a motion for leave to file an amended answer, i.e. an interlocutory appeal. *See id.* at ¶ 12. In this case, the parties agreed to a foreclosure and an order of sale in their consent judgment. The Hoops were required to obtain a stay to divest the trial court from jurisdiction executing the consent judgment. *Berkshire Bank v. Macedonia Hospitality, LLC,* 2024-Ohio-2485, ¶ 10 (9th Dist.) (this Court recognized that, when a foreclosure decree has been issued, a stay of execution of judgment is required to divest the trial court of jurisdiction); *State ex. Rel State Fire Marshall* at 570 (concluding that a trial court lacks jurisdiction to execute a judgment only if there is a stay of the

judgment pending appeal). Without a stay of its foreclosure order, the trial court had jurisdiction to issue a confirmation of sale order to execute its decision.

{¶10} The trial court granted the Hoops' motion to stay and ordered the matter stayed upon the posting of a supersedeas bond. The Hoops failed to post the bond, so no stay went into effect. *State ex. Rel. State Fire Marshall* at 570. Further, the Hoops failed to request alternative relief from this Court. Accordingly, the trial court has jurisdiction to grant the order confirming the sale in this matter.

{¶11} The Ohio Supreme Court has recognized that two judgments are appealable in a foreclosure action: "the order of foreclosure and the confirmation of sale." *Citimortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 39. The order of sale and the confirmation of sale are separate and distinct. *Id.* "Unless the decree of foreclosure is stayed, the trial court has jurisdiction to proceed on the confirmation of sale." *Mid Am. Mtge., Inc. v. Scott*, 2018-Ohio-1403, ¶ 4 (8th Dist.); *Berkshire Bank* at ¶ 10; *see also Third Fed. S. & L. Assn. of Cleveland v. Rains*, 2012-Ohio-5708 (8th Dist.) (recognizing that, where no stay was requested, the trial court had authority to issue a confirmation of sale while appeal pending on the order of foreclosure). The first appeal was from the trial court's denial of the Hoops' motion for Civ.R. 60(B) relief from the consent judgment, not the decree of foreclosure itself. This Court recognized in the first appeal that a trial court's order regarding a Civ.R. 60(B) motion is final and appealable provided the underlying judgment is a final order, and it ordered the parties to address the issue of finality. Nothing in this Court's order in the first appeal stayed the trial court from acting. The Hoops moved to dismiss the appeal before the finality issue was addressed. Regardless, the Hoops never obtained the requisite stay.

{¶12} The trial court granted the Hoops' motion to stay and ordered the matter stayed upon the posting of a supersedeas bond. The Hoops failed to post the bond, so no stay went into

effect. Further, the Hoops failed to request alternative relief from this Court. As no stay was in effect, the trial court had authority to proceed with the confirmation of sale. The Hoops' first assignment of error is, accordingly, overruled.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ABUSED ITS DISCRETION OR COMMITTED PLAIN ERROR IN ITS JUDGMENT ENTRY OF FEBRUARY 28, 2024 CONFIRMING THE SALE OF THE [HOOPS' PROPERTY].**

{¶13} The Hoops argue in their second assignment of error that the trial court abused its discretion when it issued the confirmation of sale. The Hoops do not cite any supporting case law or statute in their second assignment of error. *See* App.R. 16(A)(7) (providing that an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies"). We exercise our discretion to further consider and review this assignment of error notwithstanding the Hoops' failure to cite supporting authority. For the reasons set forth below, we overrule the Hoops' second assignment of error.

{¶14} This Court has recognized that, "[u]nlike an appeal from the initial foreclosure decree, this Court's review of a confirmation of sale order 'is limited to determining whether the sale was conducted as required by [Revised Code] 2329.01 through R.C. 2329.61.'" (Bracketed test in original.) *Huntington Natl. Bank v. Patino*, 2015-Ohio-4007, ¶ 3 (9th Dist.), quoting *First Merit Corp. v. Rohde*, 2006-Ohio-4922, ¶ 6 (9th Dist.). The decision of whether a judicial sheriff's sale should be confirmed is one that is "'within the sound discretion of the trial court'" and is reviewed for an abuse of discretion. *First Merit Corp.* at ¶ 6, quoting *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55 (1990).

**{¶15}** An abuse of discretion is something more than an error of law or in the exercise of judgment; "it implies that the court's *attitude* is unreasonable, arbitrary or unconscionable." (Emphasis added.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶16}** Although *Blakemore* is often cited as the general standard for reviewing discretionary decisions, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the "'term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384 (1959). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *Id.*, quoting *Spalding* at 384-385.

*State v. Weaver*, 2022-Ohio-4371, ¶ 24.

**{¶17}** R.C. 2329.31(A) governs the confirmation of foreclosure sales and provides in relevant part:

> Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61 of the Revised Code, it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale.

**{¶18}** The Hoops state in their appellate brief that, in this appeal, they "challenge the Trial Court's jurisdiction" when it issued the confirmation of sale. No arguments are made regarding the propriety of the sheriff's sale and/or whether the sheriff's sale was conducted in conformity

with R.C. 2329.01 to 2329.61. Accordingly, upon review of the record, we cannot say that the trial court abused its discretion when it granted First Federal's motion to confirm the sheriff's sale.

{¶19} For the reasons set forth above, the Hoops' second assignment of error is overruled.

III.

{¶20} The Hoops' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

SCOT STEVENSON
FOR THE COURT

SUTTON, J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

LANE S. MCKENZIE, Attorney at Law, for Appellants.

ROBERT W. GORANSON and CHRISTOPHER F. PARKER, Attorneys at Law, for Appellee.