[Cite as *Hilfinger v. Hilfinger*, 2024-Ohio-5859.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| THOMAS A. HILFINGER, | : | |
| Appellee, | : | CASE NO. CA2024-05-032 |
| | : | O P I N I O N |
| - vs - | | 12/16/2024 |
| | : | |
| SHAUNA W. HILFINGER nka WALKER, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 22DR43570

Berry & Karl, LLC, and B. Bradley Berry, for appellee.

Alexander Law Firm Co., LPA, and Christopher M. Alexander, for appellant.

**PIPER, J.**

{¶ 1}   Appellant, Shauna Walker ("Wife"), appeals an order of the Warren County Court of Common Pleas, Domestic Relations Division, finding her in contempt and ordering her to pay appellee, Thomas Hilfinger ("Husband"), $2,500.

{¶ 2}   The parties were married in 2012.  In August 2022, Husband filed for divorce from Wife.  The matter proceeded to a final hearing and the trial court entered a Judgment

Entry and Decree of Divorce in November 2023.

{¶ 3} After the divorce was finalized, Wife continued to reside in the marital home while Husband retained possession of a property in Greensburg, Indiana. Relevant to the instant appeal, the decree set forth the terms of personal property distribution, which included a description of certain items that Husband was to receive from the marital home, as well as specific items Wife was to receive from the property in Indiana. Pursuant to the decree, the parties were to divide and exchange the personal property described by the trial court within 30 days of the decree's filing. If the parties could not agree upon a date to conduct the exchange, the property was to be divided and exchanged at 12:00 noon on the thirtieth day following the filing of the decree. If either party failed to abide by the terms of the decree, the trial court indicated it would entertain motions for contempt.

{¶ 4} On December 29, 2023, Husband moved the trial court for an order finding Wife in contempt of the Judgment Entry and Decree of Divorce. In his motion, Husband alleged that Wife refused to exchange the personal property as set forth in the decree. Husband also alleged that he had incurred unnecessary legal fees and costs due to Wife's failure to follow the trial court's orders. As a result, Husband requested the trial court to find Wife in contempt of court, and to order Wife to pay the attorney's fees and costs he had incurred by attempting to enforce the decree.

{¶ 5} Thereafter, on April 12, 2024, Wife filed a motion for contempt and attorney fees with the trial court, in which she requested the trial court find Husband in contempt of the Judgment Entry and Decree of Divorce. In her motion, Wife alleged that she had made repeated attempts to schedule a time to exchange the personal property with Husband. Wife claimed that despite her attempts, Husband refused to schedule a time for the exchange and failed to provide the personal property to Wife.

{¶ 6} On May 3, 2024, a hearing on the parties' motions for contempt was held

before the magistrate. At the hearing, the parties informed the court they had reached an agreement to resolve their respective motions for contempt. The terms of the parties' agreement were set forth in an agreed entry, a copy of which was provided to the magistrate and subsequently signed and filed with the trial court. Pursuant to the agreed entry, the parties agreed that Wife would be found in contempt; Wife would place Husband's personal property identified in the decree in the garage of the marital home and Husband would retrieve that property on May 11, 2024 in the presence of law enforcement; and that Husband would return certain personal property to Wife on May 11, 2024. The parties further agreed that Wife would be sentenced to one day in jail and would appear on June 20, 2024 for a final sentence and purge hearing. The parties agreed that Wife could purge the contempt finding, and avoid incarceration, if Wife paid Husband $2,500 on or before May 31, 2024, and did not interfere with Husband retrieving his personal property.

{¶ 7} Wife now appeals from the agreed entry, raising two assignments of error for our review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ADEQUATELY ADVISE THE APPELLANT REGARDING THE CONTENTS OF THE AGREED ENTRY AND BY FAILING TO ADEQUATELY INQUIRE WHETHER THE APPELLANT UNDERSTOOD THE AGREED ENTRY.

{¶ 10} In her first assignment of error, Wife claims the trial court erred in adopting the agreed entry because the court failed to adequately review the contents of the agreement with the parties beforehand and did not inquire as to whether the parties understood the agreement's terms. Although not explicitly stated, we interpret Wife's assignment of error to mean that Wife believes she did not receive sufficient due process

- 3 -

prior to the trial court's acceptance and adoption of the agreed entry.

{¶ 11} Due process "embodies the concept of fundamental fairness." *Sohi v. Ohio State Dental Bd.*, 130 Ohio App.3d 414, 422 (1st Dist. 1998). The concept is "flexible" and "calls for such procedural safeguards as the particular situation demands." *LTV Steel Co. v. Indus. Comm.*, 140 Ohio App.3d 680, 688-689 (10th Dist. 2000); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). It is well settled that, because deprivation of liberty or property is implicated in a contempt charge, one accused of an indirect civil contempt must be afforded due process before a court can order punishment. *Poptic v. Poptic*, 2006-Ohio-2713, ¶ 8 (12th Dist.). To comply with due process, at a minimum, notice and an opportunity for a hearing are necessary. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). In addition to traditional due process requirements, R.C. 2705.03 requires that an accused contemnor be given an opportunity to be heard. *Davis v. Davis*, 2022-Ohio-3179, ¶ 49 (12th Dist.). During the hearing, the court is charged with investigating the charge, hearing the testimony, answer, or explanation the accused offers, and then determining guilt or innocence. *Id.*

{¶ 12} In reviewing a trial court's judgment regarding contempt, an appellate court will not reverse the finding absent an abuse of discretion. *Davis* at ¶ 28. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Maloney v. Maloney*, 2016-Ohio-7837 (12th Dist.).

{¶ 13} In this case, the contempt proceedings progressed to a hearing, during which the parties informed the magistrate that they had reached an agreement. At that time, the following exchange occurred between Wife, who was represented by counsel, and the court:

The Court: [W]ith regards to the Agreed Entry, um, did you

- 4 -

have an opportunity to review that?

[Wife]: Yes

The Court: And do you understand the terms?

[Wife]: Yes.

The Court: And if you had any questions was [your counsel] able to answer those for you?

[Wife]: Yes.

The Court: [Y]ou understand it's with regards to personal property?

[Wife]: Yes.

. . .

The Court: [W]hat happens now is, um, we will get this signed by the Judge and filed. . . . [Wife], any questions?

[Wife]: No.

{¶ 14} Despite this discussion, Wife argues on appeal that she "had no knowledge or understanding of the terms of the [a]greed [e]ntry" at the time it was adopted. Wife attributes her lack of knowledge and understanding to the court's "insufficient" inquiry and advisement at the hearing, which she argues amounts to reversible error in this case. As evidence of the trial court's error, Wife points out that the May 3, 2024 hearing was brief, lasting less than three minutes, and that the magistrate failed to mention the finding of contempt, the excessive award of legal fees, or the agreed jail time. Wife also notes that she was never asked to acknowledge whether she was agreeing to be held in contempt of court and to be incarcerated.

{¶ 15} Although Wife concedes that "[c]ompeting motions for contempt . . . are often resolved by negotiated agreement instead of further litigation," she believes the

agreed entry is unenforceable because the trial court failed to sufficiently review the entry's contents with her. According to Wife, the specific terms of the agreed entry, i.e., its award of "excessive" attorney fees, its finding of contempt, and its inclusion of jail time, imposed "an obligation" upon the trial court to "thoroughly review" the contents of the agreed entry at the hearing. After our review of the entire record, including the transcript and the agreed entry, we find no merit to Wife's claims.

{¶ 16} As an initial matter, Wife provides no authority, and this court could find none, to support her position that the terms of the agreed entry imposed an additional obligation upon the trial court. On the contrary, the authority this court found indicates that trial courts possess the general authority to enter judgment by consent of the parties. *See Grace v. Howell*, 2004-Ohio-4120, ¶ 9 (2d Dist.). This includes agreed upon judgments that result from an agreement between the parties to resolve contempt proceedings. *Vinson v. Vinson*, 2021-Ohio-1055, ¶ 8-10 (9th Dist.). In the absence of fraud, such judgments are binding and conclusive between the parties. *See Schmitt v. Ward*, 2018-Ohio-1043, ¶ 4 (9th Dist.); *see also Bd. of Twp. Trustees v. Maurer*, 1988 Ohio App. LEXIS 3912, *7 (6th Dist. Sept. 30, 1988) (finding that in the absence of an argument based in fraud, incapacity, or lack of valid consent, an agreed upon judgment entry must stand).

{¶ 17} In the case at bar, there is no evidence that the agreement between Wife and Husband was entered without Wife's consent or was otherwise invalid. Notably, the parties informed the court they had reached an agreement regarding their contempt motions, and the agreed entry itself was signed by the trial judge, Wife, counsel for Wife, Husband, and Husband's counsel. Additionally, although the hearing was brief, Wife acknowledged during that time that she had not only signed the agreed entry, but had also reviewed the entry and understood the agreement's contents. Thus, despite the

length of the hearing, it is evident Wife had an opportunity to be heard and to question the agreed entry's terms if she desired.

{¶ 18} We further find that the plain language of the agreed entry undermines Wife's claim that she was not fully apprised of the terms she agreed to by signing the agreed entry. While we acknowledge that Wife was never explicitly asked whether she agreed to be held in contempt of court and to be incarcerated, the agreed entry clearly includes those conditions. The trial court's failure to reiterate, verbatim, the terms of the agreed entry does not negate Wife's affirmative statements at the hearing that she reviewed and understood the agreement's terms. Wife does not point to, nor does the record reflect, any circumstances or language which would have rendered the entry confusing or otherwise difficult to understand. Wife also does not allege that her counsel was ineffective at the hearing or that she was misled as to the agreement's terms. Consequently, we conclude the trial court was free to believe that Wife had, in fact, reviewed, understood, and approved the terms of the agreed entry, as she represented to the court at the hearing.

{¶ 19} In light of all the above, we find no merit to Wife's claim that she was not afforded sufficient due process prior to the trial court's adoption of the agreed entry. There is ample evidence in the record that the court sufficiently inquired into Wife's understanding and acceptance of the entry's terms and that Wife had the opportunity to be heard regarding the same. Accordingly, finding no error in the trial court's adoption of the agreed entry, Wife's first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ABUSED ITS DISCRETION BY ADOPTING AN AGREED ENTRY WHICH ORDERED APPELLANT TO PAY EXCESSIVE ATTORNEY FEES TO APPELLEE.

**{¶ 22}** In her remaining assignment of error, Wife argues the trial court erred by adopting the agreed entry because it ordered Wife to pay $2,500 to Husband, which Wife characterizes as excessive attorney's fees. We disagree.

**{¶ 23}** Wife initially claims it was inequitable to order her to pay Husband's attorney's fees and litigation expenses where the trial court erred in making a finding of contempt. However, as discussed more fully in Wife's first assignment of error, we find no error in the trial court's adoption of the agreed entry, which included an order finding Wife in contempt. As such, we reject Wife's argument based upon the alleged erroneous contempt finding.

**{¶ 24}** Wife next claims the amount of $2,500 is excessive and in violation of the trial court's Local Rule 3.4(D). Pursuant to that rule, upon a finding of contempt, the court may award a standard attorney fee of up to $1,000. *See* Warren Cty. Domestic Relations R. 3.4(D). Any higher award sought must be requested as a part of the motion and comply with additional local rules. *Id.*

**{¶ 25}** Although Wife is correct that the agreed entry awards Husband more than the standard attorney fee, Local R. 3.4(D) does not govern findings of contempt entered with consent of the parties via an agreed entry. Aside from the local rule, Wife points to no evidence in the record suggesting the fee ordered by the trial court, and agreed upon by the parties, was unreasonable or inequitable. As discussed above, Wife accepted the terms of the agreed entry in their entirety, which conspicuously included the $2,500 payment to Husband. The trial court was permitted to enter the agreed entry with the consent of the parties, and the terms of that entry are binding and conclusive between them. *See Schmitt*, 2018-Ohio-1043 at ¶ 4. As a result, the trial court did not violate its local rules by enforcing the parties' agreement and ordering Wife to pay $2,500 to Husband.

**{¶ 26}** Wife's second assignment of error is overruled.

**{¶ 27}** Judgment affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.